**NOT FOR PUBLICATION**



**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS RUBEN COMER GORDILLO, | No.   20-73734 |
| Petitioner, | Agency No. A205-318-071 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2022[**]
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,[***]
District Judge.

Carlos Ruben Comer Gordillo (Gordillo), a native and citizen of Guatemala,

petitions for review of a Board of Immigration Appeals' (BIA) order that dismissed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

his appeal from an Immigration Judge's (IJ) decision denying his applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction over the asylum and withholding claims under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

"Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011) (citation omitted); *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020).[1] In the absence of a colorable legal or constitutional claim, we lack jurisdiction to review the agency's discretionary determination that Gordillo was ineligible for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B), (D); *see Romero-Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir. 2003); *see also Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We review the denial of asylum, withholding of removal, and CAT relief for substantial evidence. *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (quotations omitted)

---

[1] "Thus, we refer to the Board and IJ collectively as 'the agency.'" *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014).

(citing 8 U.S.C. § 1252(b)(4)(B)).

As to cancellation of removal, Gordillo relies on *Guerrero-Lasprilla v. Barr,* 140 S. Ct. 1062 (2020) to support his contention that we may exercise jurisdiction over the agency's discretionary decision that he failed to establish the requisite "exceptional and extremely unusual hardship." But *Guerrero-Lasprilla* reinforced that we lack jurisdiction to consider "appeals of factual determinations," and that is what Gordillo presents for review. 140 S. Ct. at 1073. Although Gordillo portrays his disagreement with the agency as a legal claim, his claim ultimately boils down to nothing more than a disagreement with the agency's factual determinations underlying the denial of his claim. Accordingly, we lack jurisdiction to review his claim. *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001) ("a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb"). Gordillo does not otherwise raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D). Thus, the petition for review as to cancellation of removal is dismissed for lack of jurisdiction.

As to asylum and withholding of removal, Gordillo feared that he would face gang violence on account of his tattoos and status as an individual returning from the United States. But Gordillo failed to connect his feared harm to any protected ground, so the agency's denial of his asylum and withholding claims is supported by

substantial evidence.[2] *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, the petition for review as to asylum and withholding of removal is denied.

As to CAT protection, the BIA did not err in its determination that Gordillo waived the claim before the agency, *see Alanniz v. Barr*, 924 F.3d 1061, 1068–69 (9th Cir. 2019) (finding no error in BIA's waiver determination), so we lack jurisdiction to consider it. *See Barron*, 358 F.3d at 677–78 (holding that courts lack jurisdiction to review claims not presented to the agency). Thus, the petition for review as to the CAT claim is dismissed for lack of jurisdiction.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (ECF No. 1-2) is otherwise denied as moot.

**PETITION DISMISSED in part and DENIED in part.**

---

[2] Gordillo argues that his particular social group (PSG) includes "Guatemalan nationals who came to the United States as minors." But as the BIA found, that argument was not presented to the IJ, so it is unexhausted and we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004); *see also Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).